# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAXWELL ROUX, JOHN DUFF III, HENRY SMITH, and BRUNO NISPEL,<br><br>Plaintiffs,<br><br>v.<br><br>KRISHNA OKHANDIAR (a/k/a Rohit Okhandiar, Charlotte Fang, Charlie Fang, Wonyoung Jang, Miya, Xinma33, MissJo, and Sonya); REMILIA CORPORATION LLC, a Delaware limited liability company; REMILIA INDUSTRIES LLC, a Delaware limited liability company,<br><br>Defendants. | C.A. No. 23-1056-GBW |

## PLAINTIFFS' UNOPPOSED MOTION TO FILE UNDER SEAL

Plaintiffs Maxwell Roux, John Duff III, Henry Smith, and Bruno Nispel (collectively, "Plaintiffs") respectfully move this Court pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3[1] for entry of an order authorizing Plaintiffs to file Exhibit L to its Amended Complaint under seal.

### INTRODUCTION

1. Plaintiffs request an order authorizing Plaintiffs to file their Exhibit L to their Amended Complaint under seal, as it contains confidential, non-public information related to the demand letter sent on behalf of Plaintiffs to defendant Krishna Okhandiar and defendant Remilia

---

[1] Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3 requires that documents placed under seal be filed in accordance with CM/ECF procedures, which in turn requires that the authority for filing a document under seal be provided by a protective order of the court.

Corporation LLC.

2.  Counsel have met and conferred on the issues raised in the Motion to Seal. Defendants do not oppose this motion.

## LEGAL STANDARD

3.  Although there is a "presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive," the right is "not absolute." *In re Avandia Marketing*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192–93 (3d Cir. 2001) and *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)); *see also Littlejohn v. Bic Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988). The movant overcomes the presumption of access if it shows "that the interest in secrecy outweighs the presumption." *In re Avandia Marketing*, 924 F.3d at 672 (quoting *Bank of Am.*, 800 F.2d at 344). The material needs to be "the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

4.  Here, good cause to seal Exhibit L to the Amended Complaint because these documents contain confidential information related to a pre-litigation demand letter sent on behalf of Plaintiffs to defendant Krishna Okhandiar and defendant Remilia Corporation LLC. The information contained in the demand letter includes sensitive business information about the operations and assets of the Collective Venture, non-party personal information, and detailed terms of Plaintiffs pre-litigation demand.

5.  Plaintiffs filed Exhibit L to the complaint in Court of Chancery of the State of Delaware under seal and Plaintiff requests that it remain sealed.

6.  There will be no harm to the public because the information to be redacted from

public view is minimal and will not deprive the public of its ability to ascertain the nature of the dispute. Protecting the Plaintiffs pre-litigation demand from disclosure to the public far outweighs the public's interest in an open judicial process. Based on these representations Plaintiff believes it is prudent to seal Exhibit L to protect this sensitive information contained therein.

## CONCLUSION

7.  Plaintiffs, therefore, respectfully requests entry of the attached order permitting the filing of Exhibit L to the Amended Complaint under seal.

8.  Plaintiffs will comply with all applicable local rules and procedure regarding filing under seal through the Court's CM/ECF system, including the requirement to file a redacted version of the Answer and Counterclaims within seven (7) days of filing the sealed documents.

Dated: March 7, 2024                                  **K&L GATES LLP**

*/s/ Steven L. Caponi*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
600 N. King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7080
steven.caponi@klgates.com
matthew.goeller@kglates.com

-and-

Jonathan P. Hersey (admitted *pro hac vice*)
Lea E. Gierut (admitted *pro hac vice*)
K&L Gates LLP
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Phone: (949) 253-0900
jonathan.hersey@klgates.com
lea.gierut@klgates.com

*Attorneys for Plaintiffs Maxwell Roux, John Duff III, Henry Smith, and Bruno Nispel*