## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MAXWELL ROUX, JOHN DUFF III, HENRY SMITH, and BRUNO NISPEL,<br><br>Plaintiffs,<br><br>v.<br><br>KRISHNA OKHANDIAR (a/k/a Rohit Okhandiar, Charlotte Fang, Charlie Fang, Wonyoung Jang, Miya, Xinma33, MissJo, and Sonya); REMILIA CORPORATION LLC, a Delaware limited liability company; REMILIA INDUSTRIES LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 23-1056-GBW |

### STIPULATED PROTECTIVE ORDER

Plaintiffs Maxwell Roux, John Duff III, Henry Smith, and Bruno Nispel, and defendants Krishna Okhandiar (a/k/a Rohit Okhandiar, Charlotte Fang, Charlie Fang, Wonyoung Jang, Miya, Xinma33, MissJo, and Sonya), Remilia Corporation LLC, a Delaware limited liability company, and Remilia Industries LLC (collectively, the "Parties," and each individually, a "Party") stipulate, request, and jointly move the Court to issue the following protective order to govern the disclosure of documents, things and information produced in the above captioned action (the "Protective Order" or "Order").

Accordingly, IT IS HEREBY STIPULATED among the Parties and ORDERED as follows:

1. **SCOPE OF PROTECTIVE ORDER**

This Order governs the handling of all material produced, given, or filed during discovery or other proceedings in this Action, as defined below..  The provisions of this Order shall apply to the Parties and any other person or entity producing, receiving, or disclosing material in this Action.

2. **DURATION**

"Final Disposition" of this Action shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

3. **DEFINITIONS**

A.    "Plaintiffs" means Maxwell Roux, John Duff III, Henry Smith, and Bruno Nispel.

B.    "Defendants" means Krishna Okhandiar (a/k/a Rohit Okhandiar, Charlotte Fang, Charlie Fang, Wonyoung Jang, Miya, Xinma33, MissJo, and Sonya), Remilia Corporation LLC, and Remilia Industries LLC.

C.    "Action" means the present litigation in the U.S. District Court, District of Delaware, styled *Maxwell Roux, et al. v. Krishna Okhandiar, et al.*, C.A. No.: 1:23-cv-01056-GBW.

D.    "Third Party" or "Third Parties" means any person or entity who is not a named party in this Action.

E.    "Producing Party" means a Party or Third Party producing Discovery Material under this Protective Order.

F.    "Receiving Party" means a Party or Third Party receiving Discovery Material under

this Protective Order.

G.    "Discovery Material" means any information, document or tangible thing produced in this Action, and includes, without limitation, any writings, video or audio recordings, computer generated or recorded information in any form, materials, oral or written testimony, requests for production, responses to requests for production, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, subpoena, subpoena duces tecum, deposition testimony, deposition transcripts and exhibits, any material that may be provided for inspection or voluntarily produced by exhibit, declaration, affidavit, or other means, and other responses to requests for information or any tangible things, produced by a Party or non-party in this Action.

H.    "Confidential" means, with respect to Discovery Material, that the designating party believes in good faith that such Discovery Material contains: (1) non-public information that may reveal a trade secret or other confidential research, development, or commercial information, as those terms are used in Fed. R. Civ. P. 26(c)(1)(G); (2) information that is subject to a confidentiality obligation to a third party; (3) personally identifiable information ("PII"), including an individual's name, address, phone number, email address, date of birth, driver's license or other government identification number; and (4) financial account or banking information regardless of whether PII is included.

I.    "Highly Confidential – Attorneys' Eyes Only" means extremely sensitive Confidential information, such as highly sensitive proprietary business information, a trade secret, or other sensitive commercial, personal, or secret financial or competitive information, the disclosure of which could result in serious harm that cannot be avoided by less restrictive means than designation as Highly Confidential – Attorneys' Eyes Only.

3

**4.**     **THIRD PARTIES**

If a Third Party provides discovery to any party in connection with this Action, and if the Third Party so elects, then the provisions of this Protective Order shall apply to such discovery, and the parties will treat all information that is produced by such Third Party in accordance with the terms of this Protective Order to the extent it is designated as Confidential or Highly Confidential.  Under such circumstances, the Third Party shall have the same rights and obligations under this Protective Order as held by the parties to this Action.

**5.**     **DISCLOSURE AND USE OF CONFIDENTIAL MATERIAL**

5.1     Basic Principles.  Material produced in this litigation containing trade secret or other confidential information may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the provisions of this Section. Any such material may only be used for prosecuting, defending, or attempting to settle claims in this litigation, and may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  Such material must be stored and maintained at a location and in a manner that ensures that access to it is limited to the persons authorized under this Protective Order.  After Final Disposition, all Parties and non-Parties in possession of such material must comply with the provisions of Section 11.

5.2     Disclosure of CONFIDENTIAL Material.  Unless otherwise stipulated or ordered, material designated as "CONFIDENTIAL" may only be disclosed to:

(a)     the receiving Party's outside counsel of record in this action, as well as employees of said outside counsel of record;

(b)     individuals employed by the receiving Party;

(c)     experts or other consultants retained by the receiving Party in this action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and individuals working under the supervision of such experts;

(d)     the Court and its personnel;

(e)     court reporters;

(f)     professional jury or trial consultants, mock jurors, and other professional vendors that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) ("Professional Vendors"), as well as their employees and subcontractors; provided, however, that the consultant, mock juror, or Professional Vendor must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) before they or their employees or subcontractors have access to any CONFIDENTIAL materials;

(g)     during their depositions, any witnesses employed at the time of the deposition by the Party that designated the particular material, or any witnesses in this action who are former employees of a Party who were involved in the matters to which the material relates or refers; and

(h)     the author or recipient of the material, or a custodian or other person who otherwise possessed or knew the trade secret or other confidential information in the material.

5.3     Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES' ONLY Material.    Unless otherwise stipulated or ordered, material designated as "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" may only be disclosed to the persons described in Section 5.2(a), (c), (d), (e), (f), (h), and during their depositions, any witnesses employed at the time of the deposition by the Party that designated the particular material, or any witnesses in this action who are former employees of a Party who authored or received the information.

5.4    Filing Designated Material.  District of Delaware Local Rule 5.1.3 sets forth the procedures that must be followed when a Party seeks to file Designated Material under seal.

5.5    Procedures for Designating Material.  Designation in conformity with this Protective Order requires:

5.5.1. Material in documentary form: To designate paper or electronic documents—including deposition exhibits but excluding transcripts of depositions or pretrial proceedings—a Party or non-party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains material so designated. Electronic documents produced in native format shall have the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate, in the filename of the native file.

5.5.2. Material not in documentary form:  To designate material that is not in documentary form, a Party or non-party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the exterior of the item or container in which the item is stored.

5.5.3. <u>Original materials available for inspection</u>: Inspection of documents or things by any party shall be conducted only by persons eligible to receive Highly Confidential Information under this Protective Order.  A Party or non-party that makes original materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the material it wants copied and produced, a Party or non-party may designate such material or a portion thereof in accordance with Sections 5.1.1 through 5.1.2.

5.6    <u>Designating a Transcript</u>.  Deposition transcripts containing Confidential or Highly Confidential Information may be designated in accordance with this Protective Order either (1) on the record during the deposition, or (2) by providing written notice within 30 days of the date on which the deposition occurred.  To designate portions of a transcript, the title page shall have a conspicuous legend stating that the transcript contains confidential material and the level of protection being asserted for each portion.  A Party or non-party seeking to designate a portion or portions of a transcript shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.  This paragraph does not limit any party's right to challenge any presumptive

7

designation or preclude a producing Party from designating testimony or transcripts as Confidential or Highly Confidential Information.

5.7    Inadvertent Failures to Designate.    A designation of Protected Material (*i.e.*, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") may be made at any time.  Inadvertent or unintentional production of documents, information, or material that has not been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.    Any Party that inadvertently or unintentionally produces Protected Material without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Material and any documents, information, or material derived from or based thereon.

5.8    Nothing herein shall prevent the receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced discovery material and such other information as is reasonably necessary to identify the discovery material and describe its nature to the Court in any motion to compel production of the discovery material. Any motion to compel production of the inadvertently produced discovery material shall be filed under seal and shall not assert as a ground for production the fact of the inadvertent or unintentional production, nor shall the motion disclose or otherwise use the content of the inadvertently or

8

unintentionally produced document or information in any way beyond that which is reasonably necessary to identify the discovery material and describe its nature to the Court.

## 6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at any time. Unless otherwise stipulated or ordered, a Party shall not be obligated to challenge the propriety of a designation of confidentiality at the time the designation is made, and failure to do so shall not preclude a subsequent challenge to the designation.

6.2    <u>Meet and Confer</u>.  The Parties must make every attempt to resolve any dispute regarding confidentiality designations without Court involvement.  The challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith.  A good faith effort to confer requires a face-to-face or telephone conference within 7 days of service of notice. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, reconsider the circumstances, and, if no change in designation is offered, explain the basis for the chosen designation.  A challenging Party may seek judicial intervention, pursuant to the provisions of Section 6.3, only after the Parties have engaged in this meet and confer process or if the challenging party establishes that the designating party is unwilling to timely participate in the meet and confer process.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the challenging Party may file a motion challenging the designation or the designating party may file a motion to maintain confidentiality.  The burden of persuasion in any such motion shall be on the designating party.  The Parties shall continue to maintain the material at issue in accordance with the challenged designation until the Court rules on the motion.

**7.**   **DESIGNATED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

Subject to the provisions of Section 11, if a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Designated Material, that Party must:

(a) promptly notify the designating party in a written communication that includes a copy of the subpoena or court order;

(b) promptly notify in writing the party seeking the Designated Material that it is subject to this Protective Order, a copy of which shall be included with such notification; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party.

If the designating party seeks a protective order within 14 days of receiving notification of the subpoena or court order, the Party served with the subpoena or court order shall not produce any Designated Material before a determination by the court from which the subpoena or order issued, absent written permission by the designating party.  The designating party shall bear the burden and expense of seeking protection in that court of its Designated Material.

**8.**   **UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Protective Order, that Party must immediately (a) notify in writing the designating party of the unauthorized disclosure(s); (b) use its best efforts to retrieve all unauthorized copies of such material; (c) inform the person or persons to whom unauthorized disclosures were made of this Protective Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound to Stipulated Protective Order" (Exhibit A).

9.    **FINAL DISPOSITION**

Following the Final Disposition of this action, each Party in possession of Designated Material, and all persons who received Designated Material from that Party, shall, within 60 days of the Final Disposition, (1) either return to the designating party or destroy, at the receiving Party's election, all such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any portion thereof; and (2) submit a written certification of such return or destruction to the designating party.  Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, filings, discovery papers, transcripts, and internal memoranda, communications and work product that contain Designated Material. Any such archival copies remain subject to this Protective Order.

10.    **MODIFICATION**

Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Protective Order to allow disclosure of Designated Material to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of Designated Material.

11.    **OTHER PROCEEDINGS**

By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

11

STIPULATED AND AGREED to this 9th day of March, 2026.

**K&L GATES LLP**

/s/ Matthew Goeller
Steven L. Caponi (No. 3484)
Matthew Goeller (No. 6283)
600 N. King St., Suite 901
Wilmington, DE 19801
Tel.: (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com

-and-

Jonathan P. Hersey (*pro hac vice*)
**K&L GATES LLP**
1 Park Plaza, 12th floor
Irvine, CA 92614
Tel.: (949) 253-0900
jonathan.hersey@klgates.com

*Attorneys for Plaintiffs*
MAXWELL ROUX, JOHN DUFF
III, HENRY SMITH, and BRUNO
NISPEL

**CROSS & SIMON LLC**

/s/ Christopher P. Simon
Christopher P. Simon (No. 3697)
David G. Holmes (No. 4718)
1105 N. Market Street, Suite 901
Wilmington, DE 19801
Tel.: (302) 777-4200
csimon@crosslaw.com
dholmes@crosslaw.com

-and-

Steven J. Joffee (admitted *pro hac vice*)
Evan S. Strassberg (admitted *pro hac vice*)
Bradley W. Madsen (admitted *pro hac vice*)
**MICHAEL BEST & FRIEDRICH LLP**
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Tel: (385) 695-6482
sjoffee@michaelbest.com
esstrassberg@michaelbest.com
bwmadsen@michaelbest.com

*Counsel for Defendants*
KRISHNA OKHANDIAR (a/k/a Rohit
Okhandiar, Charlotte Fang, Charlie Fang,
Wonyoung Jang, Miya, Xinma33, MissJo, and
Sonya); REMILIA CORPORATION LLC; and
REMILIA INDUSTRIES LLC

SO ORDERED this _____ day of _____, 2026.

_____
Honorable Gregory B. Williams
UNITED STATE DISTRICT JUDGE

12

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MAXWELL ROUX, JOHN DUFF III, HENRY SMITH, and BRUNO NISPEL,<br><br>    Plaintiffs,<br><br>    v.<br><br>KRISHNA OKHANDIAR (a/k/a Rohit Okhandiar, Charlotte Fang, Charlie Fang, Wonyoung Jang, Miya, Xinma33, MissJo, and Sonya); REMILIA CORPORATION LLC, a Delaware limited liability company; REMILIA INDUSTRIES LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No. 23-1056-GBW |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
TO STIPULATED PROTECTIVE ORDER**

I, _____, declare that:

1.   My address is _____, and the name and address of my current employer is _____.

2.   My current occupation or job description is _____.

3.   My relationship to Plaintiff(s)/Defendant(s) is _____.

4.   I have received a copy of the Stipulated Protective Order in this action.

**EXHIBIT A**

5.      I have carefully read and understood the terms and provisions of the Stipulated Protective

Order and agree to be bound and to adhere to all of its terms and provisions.

6.      I hereby submit to the jurisdiction of the United States District Court for the District of

Delaware solely for the purposes of enforcement of the Stipulated Protective Order.

I declare under the penalty of perjury under the laws of the United States that the foregoing

is true and correct.

DATED this ____ day of _____, 20____.


_____

[SIGNATURE]

2